Filed 2/19/16  P. v. Gleason CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C078004 & C078449 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F3470) |
| v. | |
| ZACHARY KYLER GLEASON, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

About 8:00 p.m. on June 7, 2014, defendant Zachary Kyler Gleason lost control of his car while traveling between 90 and 100 miles per hour and entering a sweeping left turn on Hartnell Avenue in Redding.  He crashed into a utility pole.  Defendant's right rear passenger, Natalie Slivka, died from her injuries shortly after arriving at a hospital. Mayra Lopez, the left rear passenger, suffered bruising and abrasions to her left shoulder and scratches to her left leg.  Michael Filomeo, the right front passenger, refused medical

1

assistance for his injuries at the scene. Defendant failed field sobriety tests and was arrested. Defendant's blood alcohol content was 0.19 percent. Filomeo and Lopez told an investigating officer that the entire group had been drinking alcohol. Lopez stated that prior to the crash, defendant had been driving "extremely fast" and recklessly. Defendant admitted to the officer that he drank " '[t]oo much' " and that he should not have been driving. Defendant was cooperative at the scene and, prior to the arrival of emergency medical personnel, defendant had given Slivka CPR.

Defendant entered a negotiated plea of guilty to gross vehicular manslaughter while intoxicated (Pen. Code,[1] § 191.5, subd. (a); count 3--victim Slivka) and driving under the influence of alcohol or drugs causing injury (DUI/CI) (Veh. Code, § 23153, subd. (a); count 4). In connection with count 4, defendant admitted that he caused death or bodily injury to more than one victim. (Veh. Code, § 23558.) In connection with count 3, defendant admitted that he inflicted great bodily injury upon Slivka within the meaning of section 12022.7. Defendant entered his plea in exchange for a sentencing lid of 11 years 8 months and the dismissal of the remaining counts: second degree murder of Slivka (count 1); DUI/CI (count 2--victim Slivka) and the associated great bodily injury enhancement allegation (§ 12022.7); and driving with a blood alcohol level of 0.08 or higher and causing injury (count 5--victim Lopez).

On November 6, 2014, the court sentenced defendant to state prison for an aggregate term of seven years eight months, calculated as follows: the midterm of six years for count 3, a consecutive one-third the midterm or eight months for count 4, and a consecutive one-year term for the more-than-one-victim enhancement. The court awarded 153 actual days and 22 conduct days for a total of 175 days of presentence

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

custody credit.[2]  The court set a hearing to consider victim restitution.

After a hearing on December 4, 2014, the court ordered defendant to pay victim restitution of $50.39 to Marc Lopez, Slivka's stepfather, for gas, and $1,609.05 to Roberta Rossi, Slivka's mother, for lodging, gas, food, and other expenses, to travel from San Leandro to Redding to attend court proceedings.  The trial court reserved jurisdiction to modify victim restitution as to Rossi.  Defense counsel did not believe an additional hearing would be necessary and defendant waived his presence.  The trial court denied Marc Lopez's request for lost wages without prejudice.

---

[2]  The charging document alleged and defendant admitted that in committing gross vehicular manslaughter (count 3), he "personally inflicted great bodily injury upon NATALIE SLIVKA, not an accomplice, to the above offense, within the meaning of [] [s]ection 12022.7."

An offense is rendered a " 'violent felony' " under section 667.5, subdivision (c)(8), for infliction of great bodily injury under section 12022.7, which is charged and proved. Section 12022.7, subdivision (g), provides in relevant part:  "This section does not apply to . . . manslaughter."  Section 12022.7 "prohibits enhancing a manslaughter or murder conviction for inflicting great bodily injury on the person who is the subject of that conviction."  (*People v. Cook* (2015) 60 Cal.4th 922, 925, 938.)  This includes a vehicular manslaughter conviction.  (*People v. Beltran* (2000) 82 Cal.App.4th 693, 696, cited with approval in *Cook,* at p. 935.)

Defendant did not receive an enhancement for infliction of great bodily injury.  But his presentence conduct credit was limited to 15 percent under section 2933.1.  "[G]ross vehicular manslaughter 'while intoxicated' (§ 191.5, subd. (a)) [] is not a qualifying violent felony for the purpose of the credit restrictions imposed by section 2933.1[, subdivision] (a)."  (*In re Pope* (2010) 50 Cal.4th 777, 780.)  The prosecutor, defense counsel, and the court agreed that defendant had entered a plea to a violent felony because defendant admitted that he personally inflicted great bodily injury upon Slivka in committing gross vehicular manslaughter while intoxicated.

Defendant did not seek a certificate of probable cause (§ 1237.5) and, on appeal, he does not challenge the validity of his plea. Defendant received the benefit of his bargain and is estopped from raising any irregularity.  (*People v. Hester* (2000) 22 Cal.4th 290, 295; *People v. Ellis* (1987) 195 Cal.App.3d 334, 342-343, 347; *People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1551-1552.)

On December 15, 2014, defendant filed a notice of appeal. He did not seek a certificate of probable cause. (§ 1237.5.)

On February 6, 2015, the court modified its victim restitution order as to Rossi and ordered defendant to pay a total of $15,653.43, which included $13,352 for burial expenses and mileage instead of gas.

Defendant appeals from the order which modified victim restitution as to Rossi.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal on both cases. Counsel filed an opening brief that sets forth the facts of the cases and requests this court to review the record in both cases and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record in both cases, we find no arguable error that would result in dispositions more favorable to defendant.

## DISPOSITION

The judgment and order are affirmed.


                                                      MURRAY        , J.

We concur:


       HULL        , Acting P. J.


       DUARTE       , J.

4